IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMONE CROCKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 15-CV-825 |
| | ) | |
| v. | ) | The Honorable |
| | ) | Edmond E. Chang |
| THOMAS DART, SHERIFF OF COOK | ) | |
| COUNTY, and COOK COUNTY, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHERIFF DART'S MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST SHERIFF DART IN HIS INDIVIDUAL CAPACITY UNDER THE ADA AND REHABILITATION ACT**

NOW COMES the Defendant, THOMAS DART, SHERIFF OF COOK COUNTY ("Sheriff Dart"), by his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant Conor T. Fleming, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss Plaintiff's individual capacity claims against Sheriff Dart. In support thereof, Defendant states as follows:

**BACKGROUND[1]**

Plaintiff, Raymone Crockwell, was a pretrial detainee at the Cook County Jail from June 6, 2013 until March 29, 2013. *See* Plaintiff's Complaint, CM/ECF Docket Entry no. 1 at ¶5. According to the Complaint, in 2008 or 2009, Sheriff Dart learned in the case of *Phipps v. Sheriff of Cook County and Cook County*, 681 F. Supp. 2d 899 (N.D.Ill. 2010) (Bucklo, J.) that the facilities in Division 2 of the Cook County Jail ("CCJ") and Cermak Infirmary deprived wheelchair-bound detainees of reasonable access to toilets, sinks, and showers. *Compl.* at ¶7.

---

[1] The following facts stated in the background section of Defendant's brief are taken from the Plaintiff's Complaint and assumed true only for purposes of this motion to dismiss. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

1

After the *Phipps* litigation, handicap-accessible modifications were installed in Division 2. *Compl*. at ¶7. Following the resolution of *Phipps*, Defendant permitted the handicap-accessible facilities in Division 2 to become non-functional for extended periods of time, which in turn denied Plaintiff reasonable access to a toilet and shower. *Compl*. at ¶9. Plaintiff originally sued Sheriff Dart for this very issue in *Crockwell v. Dart*, et al., 13-CV-4880. Plaintiff's Rule 41 Motion for Voluntary Dismissal was granted on October 27, 2014. *Crockwell v. Dart*, et al., 13-CV-4880, Dkt. 32 (Shah, J.) The instant case is a refiling of that case. Plaintiff, again, is suing Sheriff Dart in both his individual and official capacities.[2] *Compl*. at ¶3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "*raising that possibility above a speculative level.*" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007)) (*emphasis added*). While legal conclusions can provide the framework of a complaint, the legal conclusions must be supported by factual allegations. *Ashcroft, et al. v. Iqbal, et al*., 129 Sup. Ct. 1937, 1950 (2009). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

---

[2] According to the Complaint, Cook County is only a named defendant pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) as an indispensable party and therefore, no responsive pleadings are required. See Plaintiff's Complaint CM/ECF Docket Entry No. 1 at ¶4.

Furthermore, "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## ARGUMENT

In the case at bar, Plaintiff is suing Defendant Sheriff Dart in both his individual and official capacities. *Compl*. at ¶3. Plaintiff brings this cause of action under Title II of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983. Plaintiff's Complaint, however, is vague as to whether Sheriff Dart is sued in his official or individual capacities for each alleged action[3]. To the extent Plaintiff seeks to impose individual liability via alleged violations of the ADA and the Rehabilitation Act, Plaintiff's claims must fail because the ADA and the Rehabilitation Act preclude individual liability against Sheriff Dart.

The plain language of Title II of the ADA states that a disabled individual shall not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a ***public entity***, or be subjected to discrimination by ***any such entity***." (emphasis added) 42 U.S.C. § 12132. By statute, a public entity is defined as: "any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131. The plain language prohibits Sheriff Dart from being held liable as an individual. The Seventh Circuit Court of Appeals has endorsed this conclusion, finding that "ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities." *Brewer v. Wis. Bd. of Bar Examiners*, 270 Fed.

---

3 In Plaintiff's previous case for this issue, 13-CV-4880, Plaintiff asserted that his claims against Sheriff Dart under the ADA and the Rehabilitation Act are solely official capacity claims. See *Crockwell v. Dart, et al*., 13-CV-4880, Dkt. 16. While this may indeed be true, Plaintiff's Complaint is nevertheless once again ambiguous as to whether Sheriff Dart is sued individually or in his official capacity under the ADA and the Rehabilitation Act.

Appx. 418, 421 (7th Cir. 2008).

Plaintiff's claims against Sheriff Dart in his individual capacity are also invalid under Section 504 of the Rehabilitation Act. A plaintiff "cannot proceed against any of the individual defendants in their personal capacities because the [Rehabilitation] Act authorizes suits only against public entities." *Brewer,* 270 Fed. Appx. at 421. *See also Dent v. City of Chicago.*, 2003 U.S. Dist. LEXIS 13417, at *3 (N.D.Ill. 2003) (Zagel, J.)) citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (observing that "the law is well-settled that there is no individual liability under . . . the ADA [and] the Rehabilitation Act. . . .). For the foregoing reasons, to the extent that Plaintiff's Complaint can be read to assert claims against Sheriff Dart in his individual capacity under the ADA or the Rehabilitation Act, Plaintiff's claims should be dismissed.

## CONCLUSION

Based upon the foregoing, Plaintiff's ADA and Rehabilitation Act claims against Sheriff Dart in his individual capacity should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County,

By: /s/ *Conor T. Fleming*
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312-603-5527