UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMONE CROCKWELL,

    Plaintiff,

  v.

THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY,

    Defendants.

No. 15 CV 825

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Defendants move for reconsideration of the court's alternative holding for granting Crockwell summary judgment on liability on his ADA claim over bathroom access at the Leighton courthouse. [81].[1] For the following reasons, the motion to reconsider, [86], is denied.

**I.    Legal Standard**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A "manifest error" occurs when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Issues appropriate

---

[1] Bracketed numbers refer to entries on the district court docket.

for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id*.

## II.  Analysis

Crockwell was granted summary judgment on liability as to his ADA claim relating to bathroom access at the Leighton courthouse for two reasons: (1) based on the undisputed record, Crockwell was denied use of an accessible bathroom during his near-monthly appearances at the Leighton courthouse, resulting in him soiling himself on multiple occasions; and (2) defendants were precluded from relitigating the issue of intentional discrimination against wheelchair-using detainees at the Leighton courthouse prior to April 2014 by *Lacy v. Dart*, No. 14 C 6259 (N.D. Ill.). [81] at 11–15. Defendants only seek reconsideration on this second, alternative holding relating to issue preclusion—they do not seek reconsideration of (or even address) the first reason for granting Crockwell summary judgment on this claim.

Crockwell's opening summary judgment brief argued that issue preclusion barred the defendants from relitigating the issue of intentional discrimination against wheelchair-using detainees at the Leighton courthouse prior to April 2014 by *Lacy v. Dart*, No. 14 C 6259 (N.D. Ill.). [67] at 12–15. Defendants responded that issue preclusion was inapplicable because there had not been a final judgment in *Lacy* and because it would be fundamentally unfair to bind defendants to the ruling in *Lacy* when they did not yet have the opportunity to appeal. [73] at 10–14. In their motion for reconsideration, defendants argue that issue preclusion is inapplicable because the *Lacy* ruling was not a final order and because it deprives defendants of

2

the due process right to establish that they provided Crockwell with an ADA accommodation.

Defendants' argument that the *Lacy* ruling was not a final order merely rehashes its unsuccessful summary judgment and is therefore not appropriate for a motion for reconsideration. *See Caisse Nationale,* 90 F.3d at 1270. Defendants' arguments also fail on their merits. They contend that *Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016), cited in the summary judgment opinion, is distinguishable from the instant action because it involved res judicata, not issue preclusion, in a copyright infringement suit between the same parties. That *Bell* involved copyright infringement is not a material distinction, and the distinctions between claim and issue preclusion, as discussed below, do not support reconsideration.

Defendants argue that in *Bell*, res judicata applied to the same parties, but the parties in *Lacy* are not the same as the parties here. This is a distinction between res judicata—which requires an identity of the parties or their privies, *Bell*, 827 F.3d at 706—and issue preclusion—which does not require an identity of both parties. But that is not a reason to reconsider my decision. Issue preclusion requires that the party against whom issue preclusion is invoked must have been fully represented in the prior action, and that element has been met in this case. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014); *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–31 (1979) (federal law no longer requires mutuality for the "offensive" use of issue preclusion, application of which is within the "broad discretion" of the trial court).

Moreover, while *Bell* involved res judicata, it explained that "finality for purposes of appeal is not the same as finality for purposes of preclusion," 827 F.3d at 707 (citing Wright & Miller, Fed. Practice & Procedure § 4432), and recognized that the concept of finality is more flexible for issue preclusion than it is for res judicata. *Id*. This is because "the need for a final judgment [in the case as a whole] is not as compelling when the question is whether the determination of a single issue actually decided in the first action should be given conclusive effect in a later action between the parties on a different claim." *Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 393 (7th Cir. 1986). Under the facts particular to *Bell*, the "relaxed concept of finality, at least for purposes of collateral estoppel, or issue preclusion" was also expanded to res judicata. 827 F.3d at 707.

Defendants argue, however, that the circumstances here should weigh in favor of finding a lack of finality. *Bell* explained that whether a judgment is "final" depends upon "the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." 827 F.3d at 707 (quoting *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961)). Defendants contend that the *Lacy* rulings were non-final, as the only injunctive relief ordered related to wheelchair ramp access (not bathroom access) and the summary judgment opinion was an interlocutory order. But finality for issue preclusion means a decision that "was not avowedly tentative," *Bell*, 827 F.3d at 707, and "[t]he ultimate question is whether the 'prior adjudication . . . is determined to be sufficiently firm to be accorded conclusive effect.'" *Gilldorn*, 804

F.2d at 393 (quoting in part *Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979)); *see* Restatement (Second) of Judgments § 13. *Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892 (7th Cir. 2015), is cited by defendants for the proposition that a dismissal based on *claim* preclusion was improper based on the district court's interim ruling denying leave to add a defendant, which was a non-final decision. As explained in *Bell*, however, the concept of finality for *issue* preclusion is more flexible than finality for *claim* preclusion. Moreover, in *Skylarsky*, the plaintiff was directed to bring a second suit, which was then dismissed under claim preclusion.

The *Lacy* holdings on defendants' failure to provide bathroom accommodations for wheelchair-using detainees at the Leighton courthouse prior to 2014 were sufficiently firm and non-tentative to be accorded conclusive effect. The *Lacy* opinions on the injunction (for wheelchair ramp accommodations) and summary judgment (on ADA liability for five individual plaintiffs) made several factual findings as to the inadequacy of the overall bathroom accommodations for wheelchair-using detainees at the Leighton courthouse prior to 2014, which formed the basis for the court's determination that defendants had intentionally discriminated against wheelchair-using detainees attending the Leighton courthouse prior to 2014. *See Lacy v. Dart*, No. 14 C 6259, 2015 WL 5921810, at *11–12 (N.D. Ill. Oct. 8, 2015) ("[T]he evidentiary record establishes that plaintiffs have historically been denied access on the same basis as non-disabled detainees to bathroom facilities at the six courthouses," and "[g]iven that defendants did not . . .

provide a reasonable accommodation to allow wheelchair-using detainees to use holding cell bathroom facilities on the same basis as non-disabled detainees, the court finds that defendants have, in the past, violated plaintiffs' rights pursuant to the ADA."); *Lacy v. Dart*, No. 14 C 6259, 2015 WL 7351752, at *4 (N.D. Ill. Nov. 19, 2015) ("[T]he record establishes that defendants deliberately failed to act to protect plaintiffs' rights until 2014" because "[d]efendants did not begin providing any accommodations to wheelchair-using detainees with respect to the bathroom facilities until the Spring of 2014.").[2] There is nothing avowedly tentative about these rulings. Defendants also argue that the *Lacy* rulings should not be precedential because subsequent damages trials for three of the five *Lacy* plaintiffs resulted in two jury awards of $0 in compensatory damages and one of $600. This argument, however, is not of great weight here because the undisputed record— aside from issue preclusion—established defendants' liability on the bathroom issue. Moreover, there is undisputed evidence in the record that Crockwell soiled himself several times, and so the record indicates that Crockwell incurred actual, compensable damages.

Defendants argue that they were not afforded an adequate hearing in *Lacy*, despite having the opportunity to litigate the issue over seven days of hearings, plus the summary judgment briefs and intermittent status reports from the parties with evidentiary submissions. The *Lacy* court noted that some of parties' factual statements had been mooted by the injunction order and that it would not consider

---

[2] Crockwell was in custody at the Cook County Jail from 2012 to 2013.

6

some of plaintiffs' factual statements that did not abide by Local Rule 56.1. These statements, however, do not show that defendants had an inadequate hearing. In the summary judgment briefs in this case, even Cook County described the proceedings in *Lacy* as a "six day bench trial," [72] at 7, and it is clear that the parties had the opportunity to develop an extensive record, including witness testimony and multiple evidentiary submissions, on top of the parties' summary judgment submissions.

Defendants argue that application of issue preclusion violates their due process rights to defend themselves through evidence of accommodation. But at summary judgment, defendants presented no evidence of accommodating Crockwell to support such a defense at trial. Defendants cite to no such evidence in their motion for reconsideration, and their due process argument ignores the other basis for granting summary judgment on liability for the Leighton courthouse bathroom issue. The undisputed record showed that the defendants knew of his disability and did not provide him with accommodations, resulting in him soiling himself on multiple occasions. [81] at 11. Defendants had the opportunity to raise a genuine factual dispute on an accommodation defense but were unable to do so, and they do not point to any evidence that was overlooked during summary judgment. Regardless of issue preclusion from *Lacy*, Crockwell would have been granted summary judgment on liability for this issue. Defendants' due process rights were not violated.

Defendants have not shown a manifest error of law or fact requiring reconsideration of the alternative holding for defendants' liability on Crockwell's ADA claim based on bathroom accommodations at the Leighton courthouse.

## III. Conclusion

Defendants' motion for reconsideration, [86], is denied.

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Date: 10/20/2016